**Winfred WHITE, Plaintiff–Appellant,**

v.

**COUNTY OF MONTCALM; James K. Nichols; Michael D. Carr; Charles H. Meil; Walter J. Downes; Lisa Getty; E. Michael McNamara; Sheila Robertson–Deming; Norris J. Thomas, et al., Defendants–Appellees.**

No. 02–2156.

United States Court of Appeals, Sixth Circuit.

May 5, 2003.

---

Before: RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

### ORDER

Winfred White, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, White sued Montcalm County, Michigan, a state circuit judge, his defense counsel, and multiple unidentified individuals regarding his 1996 guilty plea for felony drunk driving. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as meritless.

In his timely appeal, White argues that he was wrongly convicted and that he is entitled to have his conviction reversed.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

White's complaint is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. 2364. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487, 114 S.Ct. 2364; *see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

As White's conviction has not been invalidated, any ruling on White's arguments would call into question the validity of his conviction. Thus, the district court did not err in dismissing White's civil rights complaint. *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.